## WHITNEY CENTRAL TRUST & SAVINGS BANK v. REILLY & HOSKINS, ET AL.

(November 13, 1928. Opinion and Decree.)
(December 10, 1923. Rehearing Refused.)

Milling, Godchaux, Saal & Milling, of New Orleans, attorneys for plaintiff and appellee.

George J. Untereiner, of New Orleans, attorney for defendants and appellants.

JONES, J. Plaintiff, as holder and owner for value received, sues Phillip F. Reilly, Samuel W. Hoskins and Bertrand C. Francingues jointly and in solido, as makers and endorsers of a promissory note for one thousand dollars ($1,000.00), dated August 22, 1924, payable to order of plaintiff and bearing interest at eight per cent from maturity, said note being subject to a credit of $31.45 as of March 2, 1925. Though there was a separate judgment against each of the defendants for the amount claimed, only B. C. Francingues has appealed. In his answer, after admitting his signature and endorsement on the note, he urged the following defenses:

First: That this note had been cancelled by plaintiff's acceptance of a renewal note for the same amount dated February 21, 1925, signed and endorsed by Reilly & Hoskins only.

Second: That on the day of the maturity of the note in contest, Reilly & Hoskins had on deposit in plaintiff bank more than enough money to pay the said note, but plaintiff did not apply said deposit to said note as they should have done, and allowed matters to remain in a status quo; subsequently, before maturity of renewal note, Reilly & Hoskins failed, their restaurant was seized, and they had practically no funds to pay their creditors.

Third: Long after the note in contest matured, and long after the seizure of Reilly & Hoskins' restaurant, plaintiff charged the amount of this note to Reilly & Hoskins, and illegally apportioned the amount realized from the deposit equally to three notes of one thousand dollars ($1,000.00) each.

The record shows that no renewal note was ever accepted by the bank in place of the note in contest; that the allegations and the answer as to the amount of deposit on the maturity of the note had no foundation in fact; on the contrary, the first notice which plaintiff had of Reilly & Hoskins' failure was received from defendant on the morning of March 2, 1925, when he cashed a check of Reilly & Hoskins to his own order for the sum of two hundred seventy-eight and 86/100 dollars ($278.86), leaving only a balance of ninety-four and 43/100 dollars ($94.43) to the credit of Reilly & Hoskins; that this $94.43 balance left on deposit to the credit of Reilly & Hoskins had been equally credited to three one thousand dollar ($1,000.00) notes of Reilly & Hoskins, the one which is in question here, dated August 22, 1924, one dated February 17, 1925, payable ninety days after date, and one dated January 6, 1925, payable ninety days after date.

In his argument in brief in this court, defendant abandoned all the defenses urged in his answer, and sought to show that the note was a non-negotiable instrument. Even if defendant were right in this contention, such an argument has absolutely no merit and no relevancy here, because the note was in the hands of the original holder and owner.

Plaintiff has answered the appeal alleging that it is frivolous, and taken only for delay. A careful consideration of the record convinces us that this contention is well founded.

The judgment is therefore affirmed with ten per cent (10%) on the total amount of the judgment as damages for frivolous appeal.