No. 3961

Second Circuit

(Second Division)

———

ARMOUR & CO., LTD., v. SMITHSON

———

(December 9, 1931. Opinion and Decree.)

———

C. F. Currier, of Shreveport, attorney for plaintiff, appellee.

Bryan E. Bush, of Shreveport, attorney for defendant, appellant.

CULPEPPER, J. Plaintiff brought this suit upon an open account for $224.55, together with legal interest from judicial demand until paid, and obtained judgment for $195.25 with legal interest from April 30, 1930, until paid, from which defendant took appeals, both devolutive and suspensive.

No appearance has been made in this court by defendant, appellant, either by counsel, by brief filed, or otherwise. Plaintiff, through counsel, has filed an answer to the appeal, averring that the appeal is manifestly frivolous, was taken purely for delay, and that the delay occasioned thereby has caused plaintiff damages equivalent to 10 per cent of the amount of the judgment. Plaintiff accordingly prays that the judgment be amended by granting plaintiff an additional judgment for 10 per cent of the amount of the judgment rendered by the lower court, as damages for frivolous appeal, and that, as so amended, the judgment be affirmed, together with costs of both courts.

Plaintiff's counsel has filed brief and submitted the case without argument.

The record does not disclose that defendant made any effort whatever to disprove a single item of the account in the lower court. No objection was made to the introduction of any of the evidence. While the minutes do not show that defendant or her attorney was present at the trial, it is to be presumed that they were present since the minutes recite that the case was "regularly taken up for trial," and "evidence adduced, closed, and case submitted." Plaintiff's counsel states in brief filed that defendant's counsel was present in court when the case came up for trial, but made no objection when plaintiff proceeded to prove up its case. Defendant's answer consists merely in a denial of each and every allegation of the petition.

In Whitney Central Trust & Savings Bank v. Reilly & Hoskins et al., reported in 9 La. App. 361, 120 So. 510, the court held (quoting syllabus by the court) that—

"Where the record shows respondent has entirely failed to prove all his defenses, and that he has abandoned them in this court, damages for frivolous appeal will be allowed."

Defendant in the present case not only failed to disprove, but made no effort to disprove any of the account sued on; and, by reason of having made no appearance whatever in this court, defendant has evidently abandoned the appeal. Under these circumstances, plaintiff is clearly entitled, we think, to damages for frivolous appeal. The judgment being upon an open account and carrying no attorney's fees, and only the legal rate of interest, and the appeal being suspensive, thereby preventing execution on the judgment, we think 10 per cent of the amount of the judgment is not excessive.

For these reasons, therefore, the judgment appealed from is amended by granting plaintiff judgment for an additional sum of 10 per cent of the amount of the judgment rendered by the lower court, as damages for frivolous appeal, and that, as so amended, said judgment is affirmed; costs to be paid by defendant in both courts.